IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| THOMAS W. DEBBRECHT and | ) | |
| PAR DIGITAL OUTDOOR, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 10-1419-JAR-DJW |
| v. | ) | |
| | ) | |
| CITY OF HAYSVILLE, KANSAS and | ) | |
| JEANA M. MORGAN, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**Notice**

Within fourteen days after a party is served with a copy of this Report and
Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72,
file written objections to the Report and Recommendation.  A party must file any objections
within the fourteen-day period if that party wants to have appellate review of the proposed
findings of fact, conclusions of law, or recommended disposition.  If no objections are timely
filed, no appellate review will be allowed by any court.

**REPORT**

**I.    Background**

The plaintiffs in this case, Thomas W. Debbrecht and Par Digital Outdoor, Inc., filed
suit against the defendants, City of Haysville, Kansas, and Jeana M. Morgan, alleging several

tort claims under Kansas law, as well as claims under 42 U.S.C. § 1983.  The case was initially filed in Kansas state court, but defendants filed a notice of removal to this court on December 13, 2010.[1]

Currently pending are two motions—a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) filed by defendants (ECF No. 11) and a motion for leave to amend the complaint filed by plaintiffs (ECF No. 16).  Plaintiffs' motion for leave to amend was filed concurrently with their response in opposition to defendants' motion for judgment on the pleadings.  Both motions are now fully briefed.

Motions for leave to amend are generally considered nondispositive matters that are routinely decided by a magistrate judge.  But when an order by a magistrate judge "effectively removes a defense or claim from the case, it may well be a dispositive ruling . . . ."[2] Thus, denying leave to amend, to the extent doing so bars a claim, can be considered a dispositive ruling.  Motions for judgment on the pleadings are obviously dispositive and within the purview of the assigned district judge, though a magistrate judge may issue a report and recommendation on such a motion.[3]  Due to the related issues raised by both of the pending motions in this case and the potentially dispositive nature of this ruling, this Report and Recommendation regarding both motions is submitted to the presiding District

---

[1]*See* ECF No. 1.

[2]*Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1157 (D. Kan. 2000); *see also Conseco Servs., L.L.C. v. Alexander*, No. 09-2130, 2010 WL 3718838, at *1 (D. Kan. Sept. 13, 2010).

[3]D. Kan. Rule 72.1.1(d)(2).

Judge, Hon. Julie A. Robinson.

## II.    Legal Standards

Under Fed. R. Civ. P. 15(a), parties may amend a pleading "once as a matter of course" before trial if they do so within (A) twenty-one days after serving the pleading or (B) "if the pleading is one to which a responsive pleading is required," twenty-one days after service of a responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[4]   Other amendments before trial are allowed "only with the opposing party's written consent or the court's leave."[5]   Courts "should freely give leave when justice so requires."[6]   Whether to allow leave to amend is within the court's discretion.[7]   The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[8]

In determining whether amendment would be futile, the proposed amendment is analyzed as if it were before the court on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). The standard of dismissal under that rule is the same as motions brought under Fed. R. Civ.

---

[4] Fed. R. Civ. P. 15(a)(1).

[5] Fed. R. Civ. P. 15(a)(2).

[6] *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[7] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[8] *Id.* (quoting *Foman*, 371 U.S. at 182).

P. 12(c).[9]

In determining whether to grant or deny a motion to dismiss under either rule, or in determining whether amendment would be futile, the allegations of the complaint (or those of the proposed amended complaint) are taken as true; legal conclusions, however, are not given such deference.[10] The complaint or proposed amended complaint must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[11]   "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[12]   Drawing on "'judicial experience and common sense,'" the "court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable."[13]   The Tenth Circuit has clarified that plausibility is a measure of the allegations in the complaint: "if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not

---

[9]*Southern Star. Cent. Gas Pipeline, Inc. v. Cline*, 754 F. Supp. 2d 1257, 1259 (D. Kan. 2010).

[10]*Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011); *Blackmon v. USD 259 Sch. Dist.*, 769 F. Supp. 2d 1267, 1270 (D. Kan. 2011).

[11]*Sloan v. Overton*, No. 08-2571, 2010 WL 4180000, at *2 (D. Kan. Oct. 20, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

[12]*Kan. Penn Gaming*, 656 F.3d at 1214 (quoting *Twombly*, 550 U.S. at 555).

[13]*Id*. (quoting *Iqbal*, 129 S. Ct. at 1950).

nudged their claims across the line from conceivable to plausible.'"[14]

Thus, the standards for evaluating both motions are the same.  If the allegations in the petition lack plausibility, defendants are entitled to judgment on the pleadings.  In the case of the motion for leave to amend, if the proposed amended complaint lacks plausibility, then leave to amend should be denied as futile.

## III.   Facts

As noted above, in analyzing the current motions before the court, factual allegations included in the petition are accepted as true.  According to plaintiffs' petition, Debbrecht and Par Digital entered into an agreement in 2008 to erect, maintain, and operate an illuminated, electronic sign on property owned by Debbrecht within Haysville's city limits.  The property adjacent to Debbrecht's property was outside the city limits.  The sign itself was owned and operated by Par Digital.  It was remotely controlled by Par Digital from its office in Springfield, Missouri.

On June 3, 2009, Debbrecht received a letter signed by defendant Morgan on behalf of the city.  Morgan is the Coordinator, Planning/Community Relations for the city of Haysville.  The letter informed Debbrecht that the sign on his property was being illuminated during hours prohibited by the Haysville City Code and indicated that any further violations would result in prosecution.  Debbrecht forwarded the letter to Par Digital, who responded to Morgan and disputed that the sign was in violation of any city ordinance.  Par Digital also

---

[14]*Id.* at 1215 (quoting *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008)).

requested that all further concerns about the sign be directed to Par Digital's office in Missouri.

On June 18, 2009, a Haysville police officer observed the sign being illuminated after 11:00 p.m., the time after which illumination was prohibited under the city ordinance. This was reported to Morgan who, on June 19, 2009, without further notice to either Debbrecht or Par Digital, issued a criminal complaint against Debbrecht for violation of the city ordinance.

On August 19, 2009, Debbrecht was tried in Haysville Municipal Court and convicted of violating Haysville City Code 16B-203. Although he disputed that the city ordinance applied to the sign on his particular property, he was convicted and sentenced to six months and fined $500. But the sentence was suspended and commuted if the sign was turned off between 11:00 p.m. and 6:00 a.m., per the ordinance. As a result, Par Digital turned off the sign between those hours—an act that led to lost revenues for Par Digital that would have otherwise been earned from the illumination of the sign during nighttime hours.

Debbrecht appealed his conviction to the Sedgwick County District Court, which subsequently dismissed the charge against him after a retrial. Haysville did not appeal the dismissal of the charges against Debbrecht.

A year after the final order of the Sedgwick County District Court, Debbrecht and Par Digital filed this civil suit against Haysville and Morgan in Kansas state court on November 19, 2010. Concurrently with the filing of the civil case, written notice of the claims alleged

was served on the Clerk of the City of Haysville pursuant to K.S.A. 12-105b, which requires prior notice of claims against municipalities before commencing a lawsuit.

## IV.   Analysis

Plaintiffs have asserted several claims against defendants in their petition.[15]   The original petition filed in state court alleges three state-law tort claims: malicious prosecution, abuse of process, and tortious interference.   The fourth count claims a deprivation of certain constitutional rights under 42 U.S.C. § 1983.

Defendants raise several arguments in their motion that they claim entitle them to a judgment in their favor—namely that plaintiffs failed to comply with K.S.A. 12-105b as a prerequisite for bringing the state-law claims, that plaintiffs have failed to adequately plead each of the three state-law claims, that plaintiffs have failed to plead a claim under section 1983, and that immunity bars all claims.   As noted above, plaintiffs responded to defendants' motion for judgment on the pleadings and also filed a motion for leave to amend "for the purpose of adding factual allegations addressing the defendants' sovereign immunity defenses, clarifying their claims and curing any deficiencies in the factual allegations made in support of their deprivation of rights claim brought pursuant to 42 U.S.C. § 1983 and their underlying common law claims."[16]

---

[15]Because this case was originally filed in state court, references are to a petition instead of a complaint when referring to the current pleading governing this case.   Any subsequent amendments would be titled amended complaints, as the case is now in federal court.

[16]ECF No. 16 at 1.

7

Defendants object to plaintiffs' motion for leave to amend on the grounds of prejudice and futility.  At the outset, defendants' claims of prejudice should be rejected as a basis for denying leave to amend.  The entirety of the prejudice argument rests on the fact that defendants have already filed a motion for judgment on the pleadings and thus "defendants would undeniably be prejudiced by having to shoot at a moving target."[17]

For prejudice to be undue, it must amount to an "'undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the movant'" to such an extent that it "'would work an injustice to the defendants.'"[18]  "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."[19]

The Court acknowledges that plaintiffs' proposed amended complaint does purport to add some additional bases of relief.  But the underlying facts remain unchanged.  All that has changed for the most part is the particularity with which plaintiffs have pleaded their claims, and some wording of the individual counts.  So while amendment may be prejudicial to defendants to some extent—in particular to the extent that a dispositive motion is already on file—it's not apparent that amendment itself would be *unduly* prejudicial.  Thus, whether to allow amendment turns on whether, as defendants argue, the proposed amendments would

---

[17]ECF No. 24 at 3.

[18]*Carefusion 213, LLC v. Prof. Disposables, Inc.*, No. 09-2616, 2010 WL 4004874, at *4 (D. Kan. Oct. 12, 2010) (quoting *U.S. v. Sturdevant*, No. 07-2233, 2008 WL 4198598, at *3 (D. Kan. Sept. 11, 2008)).

[19]*Minter*, 451 F.3d at 1208.

be futile.  As noted above, that analysis follows the same standard used in deciding the motion for judgment on the pleadings.

### A.    Compliance with K.S.A. 12-105b

The first issue raised in defendants' motion is whether plaintiffs complied with the requirements of K.S.A. 12-105b.  Subsection (d) of that statute requires potential plaintiffs to give written notice to a municipality before filing a lawsuit.  The statute provides:

> Any person having a claim against a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action. . . .  Once notice of the claim is filed, no action shall be commenced until after the claimant has received notice from the municipality that it has denied the claim or until after 120 days has passed following the filing of the notice of claim, whichever occurs first.  A claim is deemed denied if the municipality fails to approve the claim in its entirety within 120 days unless the interested parties have reached a settlement before the expiration of that period.  No person may initiate an action against a municipality unless the claim has been denied in whole or part.  Any action brought pursuant to the Kansas tort claims act shall be commenced within the time period provided for in the code of civil procedure or it shall be forever barred, except that, a claimant shall have no less than 90 days from the date the claim is denied or deemed denied in which to commence an action.[20]

Compliance with this provision is mandatory; if the statute is not complied with, the court cannot obtain jurisdiction over the municipality.[21]  The statute applies to municipalities and also claims against employees of a municipality arising out of the scope of their

---

[20]K.S.A. 12-105b(d).

[21]*Blackmon*, 769 F. Supp. 2d at 1276.

9

employment.[22]  The purpose of this provision is "to insure that the municipality has ample time to investigate the claim before being sued on that claim."[23]

Defendants argue they are entitled to judgment on the pleadings on plaintiffs' state-law claims against both Haysville and Morgan because plaintiffs failed to provide the requisite advance notice under K.S.A. 12-105b(d) because the notice was served at the same time the lawsuit was filed.[24]  In response, plaintiffs acknowledge that the notice statute applies to their state-law claims,[25] but they contend that they have complied with the statute. Plaintiffs further seek leave to assert in their proposed amended complaint that defendants eventually rejected plaintiffs' notice, and thus all administrative remedies have now been exhausted.  They further argue that their notice should have no further bearing on this case and that "[i]t makes absolutely no sense to dismiss the state claims and require the plaintiffs to file an amended complaint or new lawsuit to reinstate the claims."

Plaintiffs acknowledge that the City of Haysville is a municipality.[26]  They also

---

[22]*Id.*; *see also Keehner v. Dunn*, 409 F. Supp. 2d 1266, 1275 (D. Kan. 2005).

[23]*Dunegan v. City of Council Grove*, 77 F. Supp. 2d 1192, 1205–06 (D. Kan. 1999); *see also Smith v. Kennedy*, 985 P.2d 715, 722 (Kan. Ct. App. 1999) ("The legislative intent of K.S.A. 12-105b is to insure that a municipality is made aware of a claim against it and that the municipality has ample time to investigate the claim before being sued on that claim.").

[24]*See* ECF No. 12 at 3.  Plaintiffs' petition states that Morgan was "acting as an officer of the City and in her own behalf."  Plaintiffs do not suggest that the notice provision of K.S.A. 12-105b(d) does not apply to Morgan.

[25]ECF No. 15 at 8.

[26]Ex. A to ECF No. 1 at 2.

10

alleged in their petition that the written notice required by K.S.A. 12-105b(d) was served on Haysville "[c]oncurrently with the filing of this action."[27]   The petition further states, "The plaintiffs' common law claims should be stayed during the period the administrative remedies are being exhausted."[28]

These statements, however, do not satisfy the requirements of K.S.A. 12-105b(d). As noted above, the statute clearly states that notice must be given "before commencing such action," and that "no action shall be commenced" until after the municipality has denied the claim either explicitly or implicitly.[29]   An action is commenced when the complaint is filed with the court clerk.[30]   But here, plaintiffs chose to serve notice *concurrently* with the filing of their lawsuit—which does not satisfy the statute and consequently does not give the court jurisdiction over the state-law claims against defendants.[31]   Because plaintiffs did not serve notice in accordance with the statute, dismissal of plaintiffs state-law claims is warranted.[32]

---

[27]*Id.* at 7.

[28]*Id.* at 8.

[29]*See also Dunegan*, 77 F. Supp. 2d at 1206 ("Filing the notice on the day that litigation is begun does not constitute prior notice.").

[30]*Lara v. Unified Sch. Dist. #501*, 350 Fed. Appx. 280, 284 (10th Cir. 2009) (unpub.).

[31]*See Blackmon*, 769 F. Supp. 2d at 1276.

[32]*See Lara*, 350 Fed. Appx. at 284-85 (affirming dismissal of state-law claim where notice was given one day before case as filed); *Phillips v. Humble*, 587 F.3d 1267, 1273 (10th Cir. 2009) (finding that failure to provide state with prior notice left claims defective and approving dismissal); *Nicks v. Brewer*, No. 10-1220, 2010 WL 4868172, at *4 (D. Kan. Nov. 23, 2010) (dismissing state-law claims for failure to comply with notice statute)*; Talavera v. Sw. Med. Ctr.*, No. 09-2572, 2010 WL 3001723, at *2 (D. Kan. July 28, 2010) (finding failure to comply with statute where plaintiff filed suit before claim was denied and within 120 days of giving written notice); *Dunegan*, 77 F.

Although plaintiffs' motion for leave to file an amended complaint does not address this issue directly, their proposed amended complaint does add a statement that Haysville denied the claim on March 17, 2011, via letter from defendants' counsel.[33]  But the fact that notice was served and, in plaintiffs' view at least, substantively rejected does not change the result, because it is the timing that matters.[34]  If the lawsuit and the notice could be filed on the same day, the purpose of the statute—to "insure that the municipality has ample time to investigate the claim *before being sued* on that claim"[35]—would be undercut.

In their reply to the motion for leave to amend, plaintiffs appear to switch tactics and state that the purpose of the amended pleading is "to allow plaintiffs to *file* their state claims following the denial of their written claim to the City and Ms. Morgan."[36]  They argue that, under the statute they have 90 days from the denial of their written claims "to commence an action for the rejected state claims" and that their proposed amendment "cures any defect in the state tort claims based on a lack of compliance with the statute."[37]  But clearly, plaintiffs

---

Supp. 2d at 1206 ("[F]ailure by plaintiff to file her notice pursuant to K.S.A. 12-105b(d) with the City prior to the filing of her federal lawsuit requires dismissal of her state law claims.").

[33]ECF No. 17 at 9.

[34]There is some dispute between the parties as to whether the letter sent by defendants' counsel on March 17, 2011, substantively denied the claims or just rejected the notice as untimely.  *See* ECF No. 24 at 6–7; ECF No. 25 at 3.  Based on the analysis here, the Court need not address this question.

[35]*Dunegan*, 77 F. Supp. 2d at 1206 (emphasis added).

[36]ECF No. 25 at 1 (emphasis added).

[37]*Id.* at 2, 4.

12

had already filed their state-law claims long before their claims were rejected by defendants, as they asserted them in their original petition.  It is disingenuous to argue that those claims are just now being filed via the proposed amended complaint.

Other courts have even addressed whether a failure to comply with K.S.A. 12-105b(d) at the outset can be ameliorated by amending a petition to allege proper compliance with the statue after the fact.  The conclusion has been that a failure to comply with the timing requirement of the notice statute results in dismissal, not amendment.[38]  The Tenth Circuit has concluded that allowing plaintiffs to file suit "before exhausting their administrative remedies and [then curing] the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system."[39]

Based on this, it does not appear that plaintiffs can cure their initial failure to comply with the notice requirements of K.S.A. 12-105b(d) by simply amending their petition.  Thus, any amendment as to plaintiffs' state-law claims would be futile as defendants would still be entitled to judgment on the pleadings for failure to comply with K.S.A. 12-105b(d).

Because plaintiffs' failure to comply with K.S.A. 12-105b is finally dispositive of all

---

[38] *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) (finding, in the context of the notice requirement for bringing suits under the Federal Tort Claims Act, that "as a general rule, a premature 'complaint cannot be cured through amendment, but instead, plaintiff must file a new suit.'" (quoting *Sparrow v. U.S. Postal Serv.*, 825 F. Supp. 252, 255 (E.D. Cal. 1993)); *Talavera*, 2010 WL 3001723, at *3 (rejecting amendment or supplementation of complaint to allege satisfaction of the notice requirements of K.S.A. 12-105b).  *But see Steed v. McPherson Area Solid Waste Util.*, 221 P.3d 1157, 1167–68 (Kan. App. 2010).

[39] *Duplan*, 188 F.3d at 1199.

13

of plaintiffs' state-law claims, there is no need to address defendants' other arguments as to those state-law claims.

### B.   Section 1983 Claims

Defendants next argue they are entitled to judgment on the pleadings because plaintiffs have failed to plead any viable claims under 42 U.S.C. § 1983, and also that Morgan is entitled to qualified immunity on those claims.  At the outset, the court notes that municipalities are not liable under section 1983 simply because a municipal employee inflicted injury on the plaintiff.[40]  "[T]o establish municipal liability, a plaintiff must show 1) the existence of a municipal policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged."[41]  In this case, neither plaintiffs' petition nor the proposed amended complaint contains any allegations about a municipal policy.  Thus, the only issue is whether plaintiffs have stated any viable claims against Morgan, or whether Morgan is otherwise immune from suit.

The Tenth Circuit has stated that government defendants sued under section 1983 are entitled to qualified immunity.[42]  More specifically, "'government officials are not subject to damages liability for the performance of their discretionary functions when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable

---

[40]*Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993) (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)).

[41]*Id.*

[42]*Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011).

14

person would have known.'"[43]   Qualified immunity exists to give "'government officials breathing room to make reasonable but mistaken judgments about open legal questions.'"[44] Once a defendant asserts a qualified-immunity defense in an answer, it is the plaintiff's burden to establish that the defendant's action violated a federal constitutional or statutory right, and that the right at issue was clearly established at the time of the defendant's conduct.[45]   "[T]he Supreme Court made it clear that '[a] necessary concomitant to the determination of whether the constitutional right asserted by a plaintiff is 'clearly established' at the time the defendant acted is the determination of whether the plaintiff has asserted a violation of a constitutional right at all.'"[46]   The second prong—whether the right violated is clearly established—is generally shown by reference to cases from the Supreme Court or Tenth Circuit.[47]

Plaintiffs' petition includes a count for "deprivation of rights" secured by the Constitution, including a deprivation of plaintiffs' rights under the Commerce Clause, Debbrecht's right to a fair trial, plaintiffs' property rights in the illuminated sign, and the "attempted seizure and threat of seizure of the plaintiff Debbrecht."   Although these are the

---

[43]*Id.* (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993)).

[44]*Stewart v. Beach*, No. 08-3295, 2011 WL 6740545, at *3 (D. Kan. Dec. 22, 2011) (quoting *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2085 (2011)).

[45]*Gross v. Pirtle*, 245 F.3d 1151, 1155-56 (10th Cir. 2001).

[46]*Bella v. Chamberlin*, 24 F.3d 1251, 1254 (10th Cir. 1994) (quoting *Siegert v. Gilley*, 500 U.S. 226, 231 (1991)).

[47]*Jones v. Bokor*, No. 08-3288, 2011 WL 231614, at *7 (D. Kan. Jan. 24, 2011).

15

rights described in the petition, when considering the briefs on these motions and the proposed amended complaint, it is exceedingly unclear exactly which constitutional rights plaintiffs are actually pursuing.

In their response to defendants' motion, plaintiffs concede they have not pleaded a viable claim under the Commerce Clause.[48]  In arguing in favor of their "property rights" claim, plaintiffs argue that the defendants' action was akin to a taking without due process of law, and also that their action violated substantive due process because it was so outrageous that it "is truly conscience shocking."[49]  Plaintiffs' arguments on the "attempted/threatened seizure claim" indicate that the claim is actually one for malicious prosecution in violation of the Fourth Amendment.

Defendants argue that plaintiffs have failed to state any valid constitutional claims, but in the immunity analysis, both parties focus on whether the rights claimed by plaintiffs were clearly established at the time of defendants' conduct.  Plaintiffs argue that the city ordinance at issue clearly did not apply to him, and that "[n]o court decision is necessary to establish the applicability of the City Code."[50]  But in determining whether Morgan is entitled to qualified immunity, the issue is not whether Debbrecht violated the city

---

[48]ECF No. 15 at 27.

[49]Although plaintiffs argue in response to defendants' motion for judgment on the pleadings that they are asserting a substantive due-process claim, plaintiffs acknowledge in their motion for leave to amend that the proposed amended complaint actually is seeking to add this claim.  ECF No. 25 at 5.

[50]ECF No. 15 at 41.

ordinance—it is whether Morgan's actions in issuing the complaint violated any federal constitutional or statutory right that was clearly established at the time the complaint was issued.

Although both parties focus on whether the rights claimed were clearly established, the first step of the analysis is whether plaintiffs' pleadings have even established that Morgan's actions violated any constitutional or statutory right in the first place.[51]   As discussed below, based on the state of the pleadings—and considering both the original petition and the proposed amended complaint—no constitutional violations have been adequately pleaded.

### 1.    Debbrecht's Right to a Fair Trial

Plaintiffs' petition states that the "actions of the defendants constituted a deprivation under color of law of the rights and privileges secured to the plaintiffs by the Constitution and laws of the United States, including the following . . . The plaintiff Debbrecht's right to a fair trial."[52]   Defendants argue that all the petition includes on this claim is "a conclusory assertion that some unspecified deprivation occurred" without any supporting facts whatsoever.  The petition does reference Debbrecht's municipal trial.  But the extent of that reference is that Debbrecht was "tried and convicted in the City of Haysville Municipal Court" for violating the city code—a conviction that he then appealed, and which the

---

[51]*See Brown*, 662 F.3d at 1164 (stating that courts have the discretion to decide which of the two qualified-immunity prongs should be addressed first).

[52]Ex. A to ECF No. 1 at 10–11.

Sedgwick County District Court eventually dismissed.[53]

Plaintiffs argue that Debbrecht was not given a fair trial because he was "forced to defend against a charge unrelated to his conduct" and that "[h]e was convicted of doing something he did not do, turn on the sign, and failing to do something he could not do, turn off the sign."

A successful claim under section 1983 "must prove that a person acting under the color of state law deprived [the plaintiff] of a right secured by the Constitution or laws of the United States."[54]  Plaintiffs' response appears to argue that it was Debbrecht's right to a fair trial under the Fourteenth Amendment that was violated.[55]  The petition, however, is completely void of any facts that would support such a conclusion.  All the petition states is that there was a trial and that he was convicted.  But there are literally no facts alleged that suggest the trial of Debbrecht in municipal court was unfair, nor are there are allegations of perjury or corruption.[56]

Simply pleading the existence of a trial by a municipal court whose outcome plaintiffs disagree with does not state any claim for denial of a fair trial against the municipal employee who issued the complaint, let alone one that is plausible on its face.  As the Tenth

---

[53]Ex. A to ECF No. 1 at 5–6.

[54]*Jones v. Wet Seal Retail, Inc.*, 519 F. Supp. 2d 1164, 1169 (D. Kan. 2007).

[55]ECF No. 15 at 27.

[56]To the extent plaintiffs mean to assert a procedural due-process claim, that argument is addressed below.

Circuit has said, if allegations "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[57]

In the motion for leave to amend, plaintiffs appear to attempt to add factual allegations regarding Debbrecht's trial. Specifically, the proposed amended complaint adds factual claims that none of the complaining witnesses lived in a residential district in Haysville, and that Morgan's testimony revealed that she knew Debbrecht did not control the sign. Even assuming all of these new allegations are true, it does not plausibly suggest that Debbrecht was denied a fair trial by these defendants—only that he disagreed with the weight of the evidence that was presented.

Given these considerations, neither plaintiffs' petition nor the proposed amended complaint make a plausible claim that Morgan's action violated any federal constitutional or statutory rights with regard to a fair trial.

### 2.    Procedural and Substantive Due Process Violations

Count 4 of plaintiffs' original petition does not actually assert any due-process violations, although plaintiffs do argue a deprivation of property rights.[58] In the briefing on these motions, plaintiffs claim they were deprived of their property rights without procedural or substantive due process. The proposed amended complaint claims that defendants'

---

[57]*Kan. Penn Gaming*, 656 F.3d at 1215 (quoting *Robbins*, 519 F.3d at 1247).

[58]Ex. A to ECF No. 1 at 10–11.

actions violated plaintiffs "substantive and procedural due process rights under the Fourteenth Amendment (no person shall be deprived of life, liberty or without due process of law [sic]."[59] Given the related standards used in evaluating defendants' dispositive motion and plaintiffs' motion for leave to amend, the court will evaluate whether plaintiffs have pleaded either a procedural due-process claim or a substantive due-process claim.

### a.    Procedural Due Process Violations

At the outset, the Court notes that it is unclear how Morgan's actions alone could have deprived plaintiffs of any property rights without due process of law, when the only action alleged of Morgan is in issuing the criminal complaint to Debbrecht.  In simply issuing the complaint about the illumination of the sign on Debbrecht's property, no property rights were taken.  Indeed, as plaintiffs state in their response to the motion for judgment on the pleadings, it was only *after* Debbrecht's municipal conviction that the sign was ordered turned off by the municipal court.  Thus, it was not even Morgan's decision that caused the taking alleged by plaintiffs.

Putting aside whether a causal link exists as to Morgan, even if the Court assumes that plaintiffs have a protected property interest in the illumination of the sign,[60] any procedural

---

[59]ECF No. 17 at 13.

[60]The first step in a procedural-due-process analysis is whether a protected interest existed. *See Brown*, 662 F.3d at 1167 ("We have held that, '[t]o assess whether an individual was denied procedural due process, courts must engage in a two-step inquiry: (1) did the individual possess a protected interest such that the due process protections were applicable; and, if so, then (2) was the individual afforded an appropriate level of process.'" (quoting *Merrifield v. Bd. of Cnty. Comm'rs*, 654 F.3d 1073, 1078 (10th Cir. 2011))).

due process claim is still without merit as plaintiffs were plainly afforded adequate process, namely in the form of a municipal-court trial. "Ordinarily, 'one who has a protected property interest is entitled to some sort of hearing before the government acts to impair that interest, although the hearing need not necessarily provide all, or even most, of the protections afforded by a trial.'"[61] In this case, the sign was not ordered turned off until after a trial. Although plaintiffs may have disagreed with the outcome of the municipal trial, and even though the outcome of the trial was later reversed, that alone does not establish a procedural due-process violation.

### b.    Substantive Due Process Violations

In their proposed amended complaint, plaintiffs seek to add a claim for a violation of substantive due process. When government action can be characterized "'as arbitrary, or conscience shocking,'" substantive due process is violated regardless of the procedures used in implementing that action.[62] "The 'ultimate' standard for determining whether there has been a substantive due process violation is 'whether the challenged government action shocks the conscience of federal judges.'"[63]

Plaintiffs argue that Morgan unlawfully issued a criminal complaint and instituted unlawful judicial proceedings against Debbrecht to coerce Par Digital to turn off the sign

---

[61]*Guttman v. Khalsa*, ___ F.3d ___, 2012 WL 76055, at *8 (10th Cir. Jan. 11, 2012) (quoting *Camuglia v. City of Albuquerque*, 448 F.3d 1214, 1220 (10th Cir. 2006)).

[62]*Brown*, 662 F.3d at 1172 (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998)).

[63]*Moore v. Guthrie*, 438 F.3d 1036, 1040 (10th Cir. 2006) (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1183 (10th Cir. 2002)).

during the night, and that this action by Morgan threatened Debbrecht's liberty, deprived both plaintiffs of their property rights, and forced them to incur costs in defending against the charges.  Plainly put, these allegations fall far short of establishing a substantive due-process claim under the "shocks the conscience" standard set forth above.  Plaintiffs' indignation aside, there is nothing particularly shocking to the conscience in the act of issuing a complaint for a violation of a city ordinance to the owner of property on which an allegedly offending sign was located.[64]  This is true even if, as plaintiffs claim, the language of the city ordinance did not apply to the sign on Debbrecht's property owing to its proximity to areas outside the city limits.

Even if these facts were shocking to conscience, plaintiffs have made no showing that the issuance of a criminal complaint by Morgan in this instance was a *clearly established* violation of substantive due process.  As noted above, to overcome Morgan's claim of qualified immunity, plaintiffs must make such a showing by reference to applicable Tenth Circuit or Supreme Court caselaw.[65]  And as noted above, the issue is not whether there was clear authority as to whether the sign was in violation of the city ordinance—it is whether there is clear authority that Morgan's actions in issuing the complaint violated substantive due process.  In the absence of any such authority, plaintiffs have not overcome Morgan's claim of qualified immunity on this point, and thus amending the petition to add a

---

[64]*See id.* (noting that examples of substantive due-process violations include stomach pumping, paddling students, or intentionally destroying property).

[65]*See Jones*, 2011 WL 231614, at *7.

substantive due-process claim would be futile.

### 3.   Malicious Prosecution Under the Fourth Amendment

Plaintiffs' petition and their proposed amended complaint actually state this as a claim as an "attempted seizure and threat of seizure of the plaintiff Debbrecht."[66]  But in response to defendants' motion, plaintiffs describe this as a claim under section 1983 for malicious prosecution.   Presumably, plaintiffs are claiming that Morgan's malicious prosecution deprived Debbrecht of his right under the Fourth Amendment to be free from unreasonable seizures.[67]

The elements of a claim for malicious prosecution under section 1983 are "'(1) the defendant initiated, continued, or procured the proceeding of which the complaint is made; (2) the defendant in so doing acted without probable cause; (3) the defendant acted with malice; (4) the proceedings terminated in favor of plaintiff; and (5) plaintiff sustained damages.'"[68]   The elements of the state tort must first be established, and the analysis then

---

[66]The proposed amended complaint changed the wording to "Unlawful attempted seizure of the person of the plaintiff Debbrecht."  ECF No. 17 at 13.

[67]*See Titus v. Ahlm*, 297 Fed. Appx. 796, 799 (10th Cir. 2008) (unpub.) ("'While constitutional claims for wrongful arrest . . . and prosecution under § 1983 are analyzed in light of analogous torts, . . . the ultimate and indispensable element of such a claim is the deprivation of a constitutional right.'   The constitutional rights we are concerned with here are the Fourth Amendment right to be free from unreasonable seizures . . . ." (citation omitted)); *see also Bowling v. United States*, No. 04-2320, 2009 WL 723226, at *7 (D. Kan. Mar. 17, 2009) (analyzing a malicious-prosecution claim under section 1983 in the context of the Fourth Amendment).

[68]*Bowling*, 2009 WL 723226, at *7 (quoting *Good v. Bd. County Comm'rs of Cnty. of Shawnee, Kan.*, 331 F. Supp. 2d 1315, 1328 (D. Kan. 2004)).

turns to whether and to what degree any constitutional deprivation occurred.[69]  With regard to the probable-cause element, "[a] conviction in police or municipal court conclusively establishes probable cause even though the plaintiff is acquitted on appeal."[70]

The facts pleaded in the petition clearly establish that Debbrecht was convicted by the municipal court.  Based on this, as a matter of law, Morgan's actions are backed by probable cause.  Plaintiffs acknowledge that there is ample caselaw stating that a conviction by a municipal court is conclusive proof of the existence of probable cause.  Plaintiffs also concede that there was no fraud, perjury, or corruption in the municipal conviction of Debbrecht.[71]  But plaintiffs argue that, in this instance, the presumption of probable cause based on the municipal conviction is rebutted by the fact that "Debbrecht's conviction was reversed by the proper legal interpretation of the facts and applicable law."[72]  But the fact that his conviction was reversed does not negate the existence of probable cause before the municipal court.[73]  Accordingly, plaintiffs have not established any Fourth Amendment

---

[69]*Id.*

[70]*Swanson v. Fields*, 814 F. Supp. 1007, 1014 (D. Kan. 1993); *see also Vanover v. Cook*, 260 F.3d 1182, 1190 (10th Cir. 2001) ("In the related context of a claim for malicious prosecution arising out of a criminal conviction, the Kansas Supreme Court has held that the plaintiff's conviction in the underlying criminal case conclusively established the existence of probable cause and required the court to dismiss a malicious prosecution claim arising out of that case.").

[71]*See* ECF No. 15 at 20.

[72]ECF No. 15 at 22.

[73]*See King v. Knoll*, 399 F. Supp. 2d 1169, 1179 (D. Kan. 2005) (finding that municipal court's finding of guilt established the existence of probable cause even though plaintiff had successfully appealed conviction to the district court).

violation based on malicious prosecution.

In sum, none of plaintiffs' allegations establish that Morgan violated any of the plaintiffs' federal constitutional or statutory rights.  In the absence of such a showing, plaintiffs fail to overcome Morgan's claim of qualified immunity against plaintiffs' section 1983 claims.  Defendants are thus entitled to judgment on the pleadings as to plaintiffs' section 1983 claims, and any amendment of the petition would be futile.

## RECOMMENDATION

Based on the above report, the undersigned Magistrate Judge recommends that Defendants' Motion for Judgment on the Pleadings (ECF No. 11) be granted.  In particular, this Court lacks jurisdiction over plaintiffs' state-law claims owing to plaintiffs' failure to comply with K.S.A. 12-105b(d).  As to plaintiffs' section 1983 claims, plaintiffs have failed to plead any policy that could subject defendant City of Haysville to liability, and they have not overcome defendant Morgan's qualified-immunity defense.

The Magistrate Judge further recommends that Plaintiffs' Motion for Leave to File a First Amended Complaint (ECF No. 16) be denied as futile for the same reasons.

Respectfully submitted.

Dated February 7, 2012, at Kansas City, Kansas.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge