IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT WICHITA

| | |
|---|---|
| THOMAS W. DEBBRECHT and PAR DIGITAL OUTDOOR, INC., ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No.   10-1419-JAR-DJW |
| THE CITY OF HAYSVILLE, KANSAS and JEANA M. MORGAN, ) ) ) | |
| Defendants. ) ) | |

**PLAINTIFFS' WRITTEN OBJECTIONS
TO REPORT AND RECOMMENDATION**

Plaintiffs Thomas W. Debbrecht and Par Digital Outdoor, Inc., by and through their attorneys, Young, Bogle, McCausland, Wells & Blanchard, P.A., pursuant to 28 U.S.C. §636(b)(1) and Fed. R. Civ. Proc. 72, hereby file their written objections to the Report and Recommendation entered February 7, 2012 (Doc. 26).

In the Report and Recommendation, the U.S. Magistrate Judge found that the federal court lacks jurisdiction over the plaintiffs' state-law claims for malicious prosecution, abuse of process and tortious interference because plaintiffs failed to comply with K.S.A. 12-105b.  The Magistrate Judge cites *Dunegan v. City of Council Grove*, 77 F.Supp.2d 1192, 1205-06 (D.Kan. 1999); and *Smith v. Kennedy*, 26 Kan.App.2d 351, 985 P.2d 715, 722, *rev. denied* 268 Kan. 848 (1999).  K.S.A.2010 Supp. 12–105b(d) provides in relevant part: "Any person having a claim against a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action."  The notice requirements in K.S.A. 2010

Supp. 12–105b(d) are mandatory and a condition precedent to bringing a tort claim against a municipality. *Smith,* 26 Kan.App.2d supra, Syl. ¶ 1.  *See also Garcia v. Anderson,* ___ P.3d ___, 2012 WL 167341, 3 (Kan.App., January 20, 2012).  The notice of claim statute applies to claims against a municipality and its employees. *King v. Pimental*, 20 Kan.App.2d 579, 890 P.2d 1217 (1995).

Once notice of a claim is filed, no action shall be commenced until after the claimant has received notice from the municipality that it has denied the claim or until after 120 days has passed following the filing of the notice of claim, whichever occurs first.  A claim is deemed denied if the municipality fails to approve the claim in its entirety within 120 days unless the parties have reached a settlement before the expiration of that period. No person may initiate an action against a municipality unless the claim has been denied in whole or part.  K.S.A. 12-105b(d).  The 2004 Kansas legislature amended K.S.A. 12-105b(d) to provide that a claimant will have no less than 90 days from the date a claim is denied or deemed denied to commence an action against a municipality.  At the time of plaintiffs' original petition filed November 19, 2010, their claims had not been denied in whole or part and the 120-day period for approving or denying claims had not expired.

The U.S. Magistrate found that because plaintiffs' failure to comply with K.S.A. 12-105b is finally dispositive of all of plaintiffs' state-law claims, there is no need to address defendants' other arguments as to those state-law claims.  (Doc. 26, pp.  13-14).  The Report recommends the motion for judgment on the pleadings be granted, in particular, because this Court lacks jurisdiction over plaintiffs' state-law claims owing to plaintiffs' failure to comply with K.S.A. 12-105b. (Doc. 26, p. 25).

Review of the pleadings shows that plaintiffs filed their petition in Sedgwick County

District Court, Case No. 10 CV 4629, on November 19, 2010, to avoid the statutes of limitation applicable to at least some of their state-law claims.[1] (Doc. 1, ¶ 1). Concurrent with the filing of the state action, written notice of the claims was served to the Clerk of the City of Haysville. On March 17, 2011, the City's legal counsel hand delivered a letter to plaintiffs' attorneys rejecting the plaintiffs' claims. (Doc. 15, Ex. A).

Dismissal of the state-law claims should be without prejudice. In a second civil action filed June 14, 2011, in the Eighteenth Judicial District, Sedgwick County District Court, Case No. 11 CV 2116, the plaintiffs pleaded their state-law claims within ninety days of the letter from the City's attorneys denying the claims. The petition also included the §1983 claims. The defendants removed the second civil action to federal court on September 29, 2011. (11-CV-1297-EFM; Doc. 1). That action has been stayed pending the Court's ruling on the motion for judgment on the pleadings in the present action. (11-CV-1297-EFM; Doc. 7).

The state-law claims may be subject to dismissal in this action because a condition precedent, serving a written notice of claim and denial of the claim in whole or part, had not occurred when the first state civil action was filed. The dismissal for lack of jurisdiction should not be with prejudice to the plaintiffs' state-law claims in the second state court action. That action was filed within 90 days of the denial of the written notice pursuant to the 2004 amendment to K.S.A. 12-105b. The condition precedent for filing suit had been

---

[1] Plaintiffs believe their cause of action for malicious prosecution accrued when the appeal time expired from the state court judgment in favor of Mr. Debbrecht in his appeal of the municipal court conviction. That date was November 19, 2009, thirty days after judgment was entered on the Sedgwick County docket in Criminal Case No. 09 CR 2434. That was also the date the sign was turned back on during nighttime hours by Par Digital.

3

satisfied at the time of the second petition. Substantial compliance is required under K.S.A. 12–105b(d). "Substantial compliance" means compliance in respect to the essential matters necessary to insure every reasonable objective of the statute. *City of Lenexa v. City of Olathe,* 233 Kan. 159, 660 P.2d 1368 (1983). Even if plaintiffs did not substantial comply with K.S.A. 12–105b(d) when they filed the 2010 state action, they satisfied the condition precedent before they filed the 2011 state action. Whether the plaintiffs otherwise substantially complied with the written notice statute for their state-law claims in the second civil action should be decided in that action.[2] That issue was not considered by Judge Waxse. Plaintiffs note that the abuse of process claim is subject to a two-year statute of limitations and it is timely filed whether or not the filing of other claims was adequately tolled by the written notice of claim. *See Lindenman v. Umscheid*, 255 Kan. 610, 875 P.2d 964 (1994)(K.S.A.1993 Supp. 60-513(a)(4) sets a two-year statute of limitations for an action for injury not arising under contract or not otherwise provided for and this would apply to an abuse of process claim.).

Wherefore the plaintiffs request that the Court enter a judgment dismissing the plaintiffs' state law claims without prejudice and that it enter judgment on such other issues raised herein as is proper and just.

---

[2] Plaintiffs recognize that a dismissal of their §1983 claims in this action may be determinative of the §1983 claims raised in the second state civil action. Whether or not the second petition satisfied the requirements of 12-105b should be decided in Case No. 11-CV-1297-EFM or on remand of the state-law claims to the state court.

4

Respectfully submitted this 21st day of February 2012.

      YOUNG, BOGLE, MCCAUSLAND,
       WELLS & BLANCHARD, P.A.
      106 West Douglas, Suite 923
      Wichita, Kansas  67202-3392
      Telephone:         (316) 265-7841
      Facsimile:     (316) 265-3956
      E-mail: p.mccausland@youngboglelaw.com

/s/   Paul S. McCausland,
Paul S. McCausland, KS.S.Ct. #8878
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

The undersigned counsel for plaintiffs, Thomas W. Debbrecht and Par Digital Outdoor, hereby certifies that on this 21st day of January 2012, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to David G. Seely and Jason R. Bock of Fleeson, Gooing, Coulson & Kitch, L.L.C., counsel for defendants.

s/   Paul S. McCausland
Paul S. McCausland

5