IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THOMAS W. DEBBRECHT and ) <br> PAR DIGITAL OUTDOOR, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> THE CITY OF HAYSVILLE, KANSAS, ) <br> and JEANA M. MORGAN. ) <br> ) <br> Defendants. ) <br> _____) | Case No: 10-1419-JAR-DJW |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
WRITTEN OBJECTIONS TO REPORT AND RECOMMENDATION**

COME NOW the Defendants, and in response to Plaintiffs' Written Objections to Report and Recommendation ("Written Objections"), state as follows:

Plaintiffs purportedly filed their Written Objections pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, which provide that "a party may serve and file specific written objections to the proposed findings and recommendations," of a U.S. Magistrate Judge. Curiously, however, Plaintiffs do not actually object to any finding or recommendation made by Magistrate Judge Waxse. Instead, Plaintiffs concede that their state-law claims "*may* be subject to dismissal in this action . . . ," (Written Objections, p. 3) (emphasis added), but propose that "[d]ismissal of the state-law claims should be without prejudice." (Id.).

Rather than actually objecting to Magistrate Judge Waxse's findings or recommendations, Plaintiffs improperly assert arguments wholly outside the purview of Fed.

R. Civ. P. 72. While Defendants have reservations about exhaustively addressing Plaintiffs' improper and misplaced arguments, the issues raised and "facts" alleged require some rebuttal.

Anticipating motion practice in another lawsuit, Plaintiffs argue that as a result of events occurring after the filing of this case, unlike the present action, in their second–*and separate*–action[1] filed against Defendants, Plaintiffs *did* comply with the requirements of K.S.A. 12-105b. (Written Objections, p. 4). This issue, of course, has absolutely no relevance to the matter currently before the Court.[2] Nonetheless, Plaintiffs support their conclusion by alleging they filed the second action only after Defendants "rejected" their claims on March 17, 2011, via a hand-delivered letter, and that this letter constituted a "denial" of the claims under K.S.A. 12-105b. (Doc. 26, p. 12; Written Objections, p. 3). Interestingly, in raising this theory, Plaintiffs overlook Judge Waxse's observation that there is dispute as to whether Defendants' letter was actually a "denial" of Plaintiffs' claims. (Doc. 26, n. 34). And although Defendants would argue that *on its face* the March 17, 2011,

---

[1]Plaintiffs rightly point out that the subsequent action (11-CV-1297-EFM) is currently stayed pending the Court's ruling on the motion for judgment on the pleadings in this action. (Written Objections, p. 3).

[2]Although Plaintiffs expressly admit that this issue "was not considered by Judge Waxse" and "should be decided in [the second] action," they nonetheless raise the issue here, asserting additional facts and providing their own legal conclusion. (Written Objections, p. 4).

letter cannot be construed to be a denial[3], Defendants agree with Magistrate Judge Waxse that "the Court need not address this question." (Id.).  Plaintiffs' self-serving assertion that "[t]he condition precedent for filing suit had been satisfied at the time of the second petition" does not address any issue now before this Court and should properly be disregarded. (Written Objections, pp. 3-4).

Plaintiffs also concede that the "dismissal of their §1983 claims in this action *may* be determinative of the §1983 claims raised in the second state civil action." (Written Objections, p. 2) (emphasis added).  Here again, Plaintiffs raise an item that should be addressed in another case.

---

[3]The March 17, 2011, letter specifically stated:

> We represent the City of Haysville, Kansas.  Your letter bearing dates of November 18 and November 19, 2010, addressed to Beverly Rodgers, Clerk of the City of Haysville, Kansas, and delivered to her office on November 19, 2010, has been forwarded to my attention.  Your letter, which was served on the same day that you filed suit against the City and Jeana Morgan, is invalid because it does not comport with the procedures and requirements of K.S.A. 12-105b, and is hereby rejected.
>
> I note also that the purported claims referred to in your letter are without merit, for the reasons set forth in the Memorandum in Support of Defendants' Motion for Judgment on the Pleadings, filed in Case No. 10-1419-JAR-DJW, now pending in the U.S. District Court for the District of Kansas.

Thus, Defendants' letter was a rejection of Plaintiffs' invalid *notice*, rather than a denial of Plaintiffs' invalid claims.  Moreover, by filing this lawsuit on the same day as their notice was delivered, Plaintiffs thwarted the statutory 120 day notice period afforded by K.S.A. 12-105b and forced Defendants to answer the claims in court.  Thus, the City of Haysville unequivocally denied Plaintiffs' claims when it answered this lawsuit on January 3, 2011, denying each and every one of Plaintiffs' purported causes of action.

Finally, Plaintiffs request the Court to "enter judgment on such other issues raised herein as is proper and just." (Written Objections, p. 4). It is unclear exactly what relief Plaintiffs are requesting, and it is therefore impossible to respond. In any event, all of the remaining issues raised in Plaintiffs' Written Objections pertain to a different lawsuit and should be addressed there.

WHEREFORE, because Plaintiffs do not object to any recommendation made by Magistrate Judge Waxse in his Report and Recommendation, and because Plaintiffs instead ask the Court to consider matters that relate to the subject of a separate pending action, Defendants respectfully request that the Court disregard Plaintiffs' Written Objections in their entirety, and enter judgment in accordance with the Report and Recommendation of Magistrate Judge Waxse.

Respectfully submitted,

**/s/David G. Seely**
David G. Seely - #11397
Jason R. Bock - #24658
dseely@fleeson.com
jbock@fleeson.com
Fleeson, Gooing, Coulson & Kitch, L.L.C.
1900 Epic Center, 301 N. Main
Wichita, Kansas  67202
Telephone:  (316) 267-7361
Facsimile:   (316) 267-1754
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 6th day of March, 2012, I electronically filed the foregoing Memorandum in Opposition to Plaintiffs' Motion for Leave to Amend with the Clerk of the Court by using the CM/ECF system, which will send an electronic notice of filing to the following:

> Paul S. McCausland
> Young, Bogle, McCausland
>   Wells & Blanchard, P.A.
> 106 West Douglas, Suite 923
> Wichita, Kansas 67202-3392
> Email: p.mccausland@youngboglelaw.com

               **/s/David G. Seely**
               David G. Seely - #11397
               *Attorneys for Defendants*