## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| THOMAS W. DEBBRECHT and PAR DIGITAL OUTDOOR, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 10-CV-1419-JAR |
| CITY OF HAYSVILLE, KANSAS and JEANA M. MORGAN, | ) ) ) | |
| Defendants. | ) ) ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Leave to File a First Amended Complaint (Doc. 16) and Defendants' Motion for Judgment on the Pleadings (Doc. 11). Both motions were fully briefed and due to the related issues raised by both of the pending motions and the potentially dispositive nature of the ruling, the U.S. Magistrate Judge filed a Report and Recommendation (Doc. 26) on the matter pursuant to D. Kan. Rule 72.1.1(d)(2). Plaintiffs timely filed written objections to the Report and Recommendation (Doc. 27), and Defendants filed a response (Doc. 28). The Court has reviewed the pertinent pleadings and finds that the Report and Recommendation should be adopted.

Plaintiffs assert § 1983 claims and state-law claims for malicious prosecution, abuse of process and tortious interference. The Report and Recommendation contains a thorough analysis of the two motions, finding that Plaintiffs' failure to comply with the notice requirements of K.S.A. 12-105b(d) warranted dismissal of their state-law claims, and that such failure could not

be remedied pursuant to an amendment.  The Report and Recommendation also finds that as to

Plaintiffs' § 1983 claims, Plaintiffs have failed to plead any policy that could subject defendant

City of Haysville to liability, and they have failed to overcome defendant Morgan's qualified-

immunity defense.

Plaintiffs do not allege errors in the Report and Recommendation, but rather, Plaintiffs

argue that their state law claims should be dismissed without prejudice.  The Magistrate Judge

correctly found that Plaintiffs failed to comply with K.S.A. 12-105b, that the provision is

mandatory, and that if the statute is not complied with, the court cannot obtain jurisdiction over

the municipality.[1]  Although the Report and Recommendation concludes that failure to comply

with the timing requirement of the notice statute results in dismissal, not amendment,[2] it does not

address the issue of whether Plaintiffs' state-law claims should be dismissed with or without

prejudice.

This Court finds that the Report and Recommendation should be adopted, with the

clarification that Plaintiffs' state-law claims are dismissed without prejudice for lack of

jurisdiction.  The Tenth Circuit in *Brereton v. Bountiful City Corp.*,[3] stated that:

> A longstanding line of cases from this circuit hold that where the district court
> dismisses an action for lack of jurisdiction, as it did here, the dismissal must be
> without prejudice.  *See, e.g., Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d
> 1242, 1249 (10th Cir. 2004); *Martinez v. Richardson*, 472 F.2d 1121, 1126 (10th
> Cir. 1973) ("It is fundamental . . . that a dismissal for lack of jurisdiction is not an
> adjudication of the merits and therefore . . . must be without prejudice.").[4]

---

[1]Doc. 26 at 9.

[2]*Id*. at 13.

[3]434 F.3d 1213 (10th Cir. 2006).

[4]*Id.* at 1216.

2

**IT IS THEREFORE ORDERED BY THE COURT** that the February 2, 2012 Report and Recommendation (Doc. 26) shall be ADOPTED, with the clarification that Plaintiffs' state-law claims are dismissed without prejudice..

**IT IS FURTHER ORDERED THAT** Defendants' Motion for Judgment on the Pleadings (Doc. 11) shall be GRANTED.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion for Leave to File a First Amended Complaint (Doc. 16) shall be DENIED.

**IT IS SO ORDERED.**

Dated: March 29, 2012

       S/ Julie A. Robinson
       JULIE A. ROBINSON
       UNITED STATES DISTRICT JUDGE